**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul PISCIOTTA, Defendant–
Appellant.**

**No. 01–10070.**

**D.C. No. CR–98–00743–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2001.*

Decided Jan. 11, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

■ **1.** The evidence against Pisciotta was sufficient to support conviction. The jury was free to disbelieve Pisciotta's exculpatory testimony, *see United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1328 (9th Cir.1992), and to believe government witness Moores instead, *see United States v. Quintero–Barraza*, 78 F.3d 1344, 1352 (9th Cir.1995). The jury's refusal to credit Pisciotta's testimony was supported by other evidence, such as the seized drugs and the records of frequent phone calls between Pisciotta's wife and Moores. *Cf. United States v. Price*, 623 F.2d 587, 591 (9th Cir.1980), *overruled on other grounds*, *United States v. De Bright*, 730 F.2d 1255 (9th Cir.1984) (en banc).

■ **2.** The district court did not commit plain error by admitting evidence that Pisciotta's prior drug trafficking convictions involved seizure of firearms. Because Pisciotta "was indicted for conspiracy to possess and distribute narcotics, the firearms can be relevant to show his involvement in the narcotics trade." *United States v. Crespo de Llano*, 838 F.2d 1006, 1018 (9th Cir.1987). Pisciotta did not ask the court to consider whether the prejudicial effect of this evidence outweighed its probative value by objecting when the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

prosecutor elicited testimony about the seized firearms, and the district court's failure to do so sua sponte was not plain error.

■ We reject Pisciotta's argument that the district court's tentative pre-trial ruling on the admissibility of the evidence related to Pisciotta's two prior drug-related arrests prohibited the prosecution from introducing evidence of firearms. Even if the ruling could be so construed, the district court subsequently clarified that all "underlying facts" of both prior convictions were admissible.

3. We are concerned by the district court's handling of Pisciotta's complaint that he was not getting enough sleep, and of his accompanying request to reschedule trial sessions for the afternoons or to be transferred to a prison closer to the courthouse. In denying this request, the district court considered such factors as the difficulty for the prison administration to arrange Pisciotta's transportation at a different time, the inconvenience of the afternoon sessions to the jury, the conflict with the court's existing schedule and the fact that Moores, who was incarcerated in the nearby prison facility, would have to be relocated in order to transfer Pisciotta there. Notably absent among these factors is the inconvenience imposed on the person with the greatest stake in the proceeding–Pisciotta. We disagree with the district court insofar as it suggested that waking up prisoners in the middle of the night for transportation to trial was an acceptable procedure, and that the ability of the prisoners to sleep on the bus on the way to and from the court was sufficient to remedy their sleep deprivation. We find it troubling that the district court did not take steps to correct this situation.

■ We do, however, allow district courts "broad discretion in controlling the conduct of a trial." *Penk v. Or. State Bd. of Higher Educ.*, 816 F.2d 458, 465 (9th Cir.1987). The district court here did not abuse its discretion, although it came uncomfortably close. In reaching this conclusion, we rely in particular on the court's determination that Pisciotta appeared reasonably alert and able to communicate with his counsel, and therefore participated adequately in the trial proceedings.

■ 4. The district court did not abuse its discretion by refusing to order a competency hearing. Pisciotta did not request this hearing during trial, and the evidence he presents now fails to show that the district court should have had "reasonable cause" to believe that Pisciotta was "suffering from a mental disease or defect rendering him ... unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

5. We also reject Pisciotta's claim that, because the jury never determined the issue of drug quantity, the district court committed plain error by sentencing him under 21 U.S.C. § 841(b)(1)(D), rather than 21 U.S.C. § 841(b)(4), which governs distribution of "a small amount of marihuana for no remuneration." Contrary to Pisciotta's contention, section 841(b)(4) applies only to convictions for distributing marijuana. Convictions for possessing and conspiring to possess a drug are governed by section 841(b)(1)(D).

**AFFIRMED.**